UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA NAN BERK,<br><br>                              Plaintiff,<br><br>             -against-<br><br>CITY OF NEW YORK; POLICE OFFICERS<br>JOHN AND JANE DOE 1-5,<br><br>                              Defendants. | 20-CV-2490 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that in May 2018 she was falsely arrested and maliciously prosecuted. She also alleges that she did not receive medical care in police custody and was denied accommodations for her disabilities, which are not specified. Plaintiff sues five unidentified "John Doe" defendants, and the City of New York. By order dated March 25, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jessica Berk alleges that she lived on Christopher Street in the West Village in New York, New York, for sixty years. (Compl. ECF 2-1 at ¶ 11).[1] She formed nonprofit neighborhood groups, including the Christopher Street Partnership, and Residents in Distress

---

[1] Plaintiff was living on Christopher Street in Manhattan when her claims arose but had relocated to New Jersey by the time she filed this action.

(RID), which "sought to clean up the problems created by the homeless population in [her] neighborhood." (*Id.* at ¶ 12).

Plaintiff was "sometimes critical of [police] officers priorities" and "this created feelings of malice from some of the police officers toward" her. (*Id.* at ¶ 17). She also sued the police in the 1990s for false arrest, and settlement of that action also allegedly increased animosity toward her from some police officers in the Sixth Precinct. (*Id.* at ¶¶ 20-21). Plaintiff "is disabled" and on unspecified occasions, police officers made fun of Plaintiff and her disabilities. (*Id.* at ¶ 18).

In May 2018, another resident of Christopher Street asked Plaintiff to assist a transgender homeless person sleeping in a tent on the street. Plaintiff alleges that she tapped her cane near the tent, the homeless person "grew belligerent," and a passerby called the police. (*Id.* at ¶¶ 24-26). Even though the homeless individual stated that a heavy-set elderly white man beat him with a cane, police officers wrongly assumed that Plaintiff was responsible and arrested her for a "hate crime." (*Id.* at ¶¶ 27-28). Police officers searched Plaintiff and "threatened to characterize an empty bag [that she had picked up off the street] as drug paraphernalia" and to charge her with narcotics possession. Plaintiff remained in police custody overnight "without medical attention" and "was maltreated in the custody of the Sixth Precinct." (*Id.* at 35). In March 2019, the criminal charges against Plaintiff were dismissed "upon the Motion of the People." (*Id.* at 38). Plaintiff alleges that it is a custom and practice of officers of the Sixth Precinct to fail to conduct adequate investigations in cases such as hers.

Plaintiff also attaches news articles to her complaint. One article quotes Plaintiff as saying that she will continue "doing a volunteer civilian patrol of the streets to make sure no homeless people are getting too comfortable out there." (*Id.* at 16). Another article states that Plaintiff made 187 complaints to police officers in the Sixth Precinct in one week "about

homeless people on the streets." (*Id.* at 21). The article quotes Plaintiff as stating that she was arrested "for merely trying to clear the streets" and that she "plan[s] to start making citizen's arrests" of homeless people. (*Id.*) Plaintiff previously filed a complaint for false arrest in which she alleged that on an unspecified date, she "was maliciously and falsely arrested, searched – booked – and arraigned on the word of a mentally deranged street person and drug user." *Berk v. City of New York*, No. 18-CV-8112 (LLS) (S.D.N.Y. Dec. 13, 2018) (dismissing complaint for failure to state a claim after plaintiff failed to file an amended complaint as directed).[2]

In this complaint, Plaintiff asserts that she has been the victim of "warrantless stop, seizure and frisk," in violation of her constitutional rights. (*Id.* at ¶ 40). She also asserts claims for malicious prosecution (*id.* at ¶¶ 43-44), and for violations of the Americans with Disabilities Act for Defendants' failure to provide her unspecified accommodations while she was in custody. Plaintiff seeks damages and to enjoin "the Sixth Precinct from violating her ADA reasonable accommodations protection." (*Id.*)

## DISCUSSION

### A.    False Arrest

A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of a false arrest claim. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law

---

[2] If Plaintiff's prior complaint involved the same incident at issue in this complaint, which is unclear at this stage, Plaintiff may be precluded from relitigating claims that arose from that incident. *See Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018) (Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not.").

principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To state a false arrest claim under New York law, a plaintiff must allege that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). Thus, if "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *Rheingold v. Harrison Town Police Dep't*, 568 F. Supp. 2d 384, 389 (S.D.N.Y. 2008) ("The evidence required to establish probable cause to arrest need not reach the level of evidence necessary to support a conviction." (quotations and citation omitted).

Here, Plaintiff alleges that a victim told police that he had been beaten by an elderly white man with a cane, and police officers wrongly arrested Plaintiff, who is female and had merely "tapped" on or near the victim's tent with her cane.

"Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). Plaintiff alleges that she interacted with the victim, tapping his tent with her cane, but that she was arrested based on a victim statement that imperfectly matched her description; this is insufficient to state a claim that she was arrested without probable cause, because the facts as Plaintiff describes them objectively provided probable cause to arrest. *See, e.g.*, *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006) (police officers "are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence.") (quoting Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989)). Moreover, dismissal of the charges against Plaintiff also does not mean that probable cause did not exist for the original arrest. *See Warren v. Byrne*, 699 F.2d 95, 98 (2d Cir. 1983). Plaintiff thus fails to state a claim that John or Jane Doe police officers from the Sixth Precinct arrested her without probable cause to do so.

Plaintiff's allegations that she was searched incident to arrest also fail to state a claim that she was searched in violation of her rights under the Fourth Amendment.[3] *See Wilson v. Aquino*, 233 Fed. App'x 73 (2d Cir. 2007) ("Warrantless searches incident to arrest have long been

---

[3] Plaintiff makes no argument that the search exceeded the bounds of a search incident to arrest. *See Arizona v. Gant*, 556 U.S. 332, 339 (2009) ("[A] search incident to arrest may only include 'the arrestee's person and the area 'within his immediate control'— construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.'").

deemed reasonable in order to disarm a defendant and prevent his destruction of evidence.")
(relying on *Chimel v. California*, 395 U.S. 752, 763 (1969)).

**B.    Malicious Prosecution**

To state a claim for malicious prosecution, a plaintiff must allege facts showing that:
(1) the defendant initiated or continued a prosecution against the plaintiff; (2) the defendant
lacked probable cause to commence the proceeding or believe the proceeding could succeed;
(3) the defendant acted with malice; and (4) the prosecution terminated in the plaintiff's favor.
*See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). "[A] plaintiff asserting a malicious
prosecution claim under § 1983 must . . . show that the underlying criminal proceeding ended in
a manner that affirmatively indicates h[er] innocence." *Lanning v. City of Glens Falls*, 908 F.3d
19, 22 (2d Cir. 2018).

Here, Plaintiff alleges that the criminal charges against her were dismissed on motion of
the prosecutor. (Compl. at 38). Plaintiff does not, however, state the grounds on which the
charges against her were dismissed, and thus has not alleged facts showing that the underlying
criminal proceeding was dismissed in a manner indicating her innocence. Plaintiff also has not
pleaded facts that would give rise to an inference that any individual defendant acted with malice
in initiating or continuing a prosecution against her. Plaintiff's allegations thus fail to state a
claim for malicious prosecution.

**C.    Conditions of Confinement**

Plaintiff alleges that when she was arrested in May 2018, she remained in police custody
overnight "without medical attention" and "was maltreated in the custody of the Sixth Precinct."
(Compl. at 35). A pretrial detainee asserting that defendants' deliberate indifference to
herconditions of confinement violates the Fourteenth Amendment must satisfy two elements:
(1) an "objective" element, which requires a "showing that the challenged conditions were

7

sufficiently serious to constitute objective deprivations of the right to due process," and (2) a "subjective" or "mental element" prong, which requires a "showing that the officer acted with at least deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To meet the first element, the plaintiff "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his [or her] health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The deprivations must also be measured by their "severity and duration, not the resulting injury." *Darnell*, 849 F.3d at 32. The second element of the deliberate indifference test requires the plaintiff to allege "that the [defendant] acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate that the condition posed to the pretrial detainee even though the [defendant] knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

Plaintiff's allegations that she was "maltreated" are insufficient to plead either that the conditions she faced were sufficiently serious to rise to the level of a constitutional violation, or to plead that any defendant had the requisite state of mind. Plaintiff thus fails to state a claim that any defendant acted with deliberate indifference to the unconstitutional conditions of her confinement during her detention in the Sixth Precinct. Plaintiff also fails to state a claim based on the denial of medical care because she does not plead facts showing that she had a serious medical need during her detention, or that any defendant knew or should have known that she needed medical care and acted with deliberate indifference to that serious need for medical care. *See Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (holding, in the context of a prisoner's Eighth Amendment claim, that the relevant concern is not "the severity of the [plaintiff's]

8

underlying medical condition" but the "particular risk of harm faced . . . . due to the challenged deprivation of care.").

**D.      Americans with Disabilities Act**

To state a plausible claim under Title II of the ADA, a plaintiff must allege "that (1) he or she is a qualified individual with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities or was otherwise discriminated against by defendants, by reason of plaintiff's disabilities." *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009). Title II of the ADA applies to prisoners. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

The purpose of the ADA is "to ensure evenhanded treatment between the disabled and the able-bodied." *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir.1998), and a plaintiff asserting claims under Title II of the ADA must allege that her mistreatment "was motivated by either discriminatory animus or ill will due to disability," *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 112 (2d Cir.1998). As a result, "[c]ourts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment, but do not allege that the inmate was treated differently because of his or her disability." *Elbert v. New York State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 595 (S.D.N.Y. 2010) (collecting cases). Here, Plaintiff alleges that she was detained without medical treatment after her arrest, but she does not allege any facts suggesting that she required medical treatment or that her mistreatment "was motivated by either discriminatory animus or ill will due to disability." *Garcia*, 280 F.3d at 112. Plaintiff thus fails to state a claim for a violation of her rights under Title II of the ADA.

E.      **Municipal Liability**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted). "[A] single incident alleged in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)); *see also Curley*, 268 F.3d at 71 ("[A] municipality cannot be liable for inadequate training or supervision when the officers involved in making an arrest did not violate the plaintiff's constitutional rights.").

Plaintiff alleges that the City of New York has a custom or policy of failing to investigate adequately in cases such as hers. This single allegation is insufficient to suggest a policy or custom on the part of the City of New York and fails to state a claim under § 1983.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail her claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. If Plaintiff chooses to proceed, she must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2490 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   August 13, 2020
        New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


                    -against-


_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
         (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                   (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                  Middle Initial       Last Name

_____

Street Address

_____

County, City                      State           Zip Code

_____

Telephone Number             Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                 Zip Code

Defendant 2: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                 Zip Code

Defendant 3: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                 Zip Code

Defendant 4: _____

First Name                           Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                  Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.